IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **DOUGLAS LEE BLAIR,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **ASSURANCE IQ, LLC**, a Washington state company, <br><br> *Defendant,* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT

Plaintiff Douglas Lee Blair ("Plaintiff Blair" or "Blair") brings this Class Action Complaint and Demand for Jury Trial against Defendant Assurance IQ, LLC ("Defendant" or "Assurance") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent, including calls to phone numbers that are registered on then National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Blair, for

**CLASS ACTION COMPLAINT,** Page **1** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Blair is a resident of Marietta, Ohio.

2. Defendant Assurance is a Washington company headquartered in Seattle, Washington. Defendant Assurance conducts business throughout this District and throughout the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5

**CLASS ACTION COMPLAINT,** Page **2** of **14**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

(U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.6 billion robocalls were placed in November 2022 alone, at a rate of 158.2 million per day. www.robocallindex.com (last visited December 25, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

**CLASS ACTION COMPLAINT,** Page **3** of **14**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

**COMMON ALLEGATIONS**

14. Defendant Assurance IQ, LLC operates using the d/b/a CarInsurance.net:

> Carinsurance.net 2023
>
> This website is owned and operated by Assurance IQ, LLC, a licensed insurance agency. Invitations for applications for insurance on carinsurance.net are made through Assurance IQ, LLC, only where licensed and appointed. Assurance's license information can be found here
>
> Advertised example rates are returned based on internal data of policies sold. Potential savings estimate derived as an average of two large carrier partners' reported savings from their surveyed customers who reported savings in 2019. Hypothetical (savings/rates) are for illustrative purposes. Your actual quotes, rates or savings will vary based on different factors like coverage limits, driving history, deductibles, education, occupation, type of vehicle, location and more.
>
> This site is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

[3]

15. Defendant Assurance sells a variety of insurance plans including automotive insurance plans to consumers.[4]

16. Defendant Assurance places pre-recorded solicitation calls to consumers in order to sell its automotive insurance plans.

17. These calls are being placed to consumers that have registered their phone numbers on the DNC, as per Plaintiff's experience.

18. Websites such as Robokiller.com and Youmail.com have captured pre-recorded voice messages that Defendant Assurance uses when placing calls to consumers, including messages that are identical to the pre-recorded voice messages that were transmitted to Plaintiff Blair, including:

> Robokiller  Mobile App  Block Spam  Contact  Try for free  Sign In
>
> Alternately:          +17402406733
> Reported Name:        Telemarketer
> Reported Category:    Telemarketer
> Last call:            December 30, 2022
> Total Calls:          1,395
> Robokiller User Reports:  3
>
> Transcript
> Same voicemail Plaintiff Blair received.
> hi I'm calling from car insurance dotnet and we're reaching out because we've analyzed your situation and may be able to save you a significant amount of money when you have a moment give us a call back and we can connect you with one of our licensed agents call us back at ▇▇▇▇▇

[5]

---

[3] https://carinsurance.net/
[4] https://www.assurance.com/
[5] https://lookup.robokiller.com/p/740-240-6733

**CLASS ACTION COMPLAINT,** Page **4** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

[Screenshot of Robokiller lookup showing: Alternately: +17405214254; Reported Name: Telemarketer; Reported Category: Telemarketer; Last call: December 30, 2022; Total Calls: 857; Robokiller User Reports: 3. Transcript annotated "Same voicemail Plaintiff Blair received.": "hi I'm calling from car insurance dotnet and we're reaching out because we've analyzed your situation and may be able to save you a significant amount of money when you have a moment give us a call back and we can connect you with one of our licensed agents call us back at [redacted]"][6]

19. Consumers have voiced their complaints online about unsolicited calls that they received from Defendant Assurance, including complaints that Defendant received directly on its Facebook page, including:

- "RUN and don't look back. Overwhelming SPAM! I've received twenty two calls over the past few days. I went to the site to opt out and it was required that I enter all my info only to get a message that only California residents can opt out."[7]

- "Constant spam calls unsolicited from these fly by night scammers; attempts to get them to stop calling were not successful. These people need to be stopped."[8]

- "These phone spammers call me a cpl times daily trying to sell me insurance I neither want nor need. I tried blocking their no. and they just call from a new number-like a kind of digital whack-a-mole.. I called them to remove from call list and they say wait 50 days after hanging up on me a couple of times! How is that for good intentions?!? I doubt they will honor the DNC request-which begs the question as to why I or anyone would want to do business with them in the first place.. If it looks and quacks like a duck-it's a duck. Avoid like the plague!"[9]

- "I'm not in the market for any type of insurance at all. EVERY FREAKING DAY I get SPAM calls from carinsurance.net. I block the number and they call again the very next day from I different number. I would never do business with PARASITES like this"[10]

- "STOP VIOLATING DO NOT CALL REGISTRY! Stop calling me! I had never even heard of you until i started getting THIRTY CALLS A DAY from spoofed numbers all with the exact same robot recorded voicemail!"[11]

- "spamming my number and leaving voicemails doesn't make me want to use your

---

[6] https://lookup.robokiller.com/p/740-521-4254
[7] https://wallethub.com/profile/carinsurance-net-16434165i
[8] Id.
[9] Id.
[10] https://www.facebook.com/carinsurancenet-35883185486382/reviews
[11] Id.

**CLASS ACTION COMPLAINT,** Page **5** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

service."[12]

- "Do not call me and leave 9 voicemails."[13]

- "stop using my phone to see if I ever need anything from you."[14]

20. In response to these calls, Plaintiff Blair brings forward this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF BLAIR'S ALLEGATIONS

21. Plaintiff Blair registered his residential phone number on the DNC on November 19, 2022.

22. The calls that Plaintiff received from Defendant Assurance were all received more than 31 days after Plaintiff registered his number on the DNC.

23. In late December 2022, Plaintiff Blair began receiving unsolicited pre-recorded calls regarding Defendant Assurance's automotive insurance programs using the name CarInsurance.net.

24. Plaintiff Blair received unsolicited calls from Defendant on December 23, 2022 at:

- 10:04 AM from 740-240-6733;

- 10:27 AM from 740-240-6733;

- 1:57 PM from 740-240-6733;

- 2:57 PM from 740-521-4254;

- 4:28 PM from 740-240-6733; and

---

[12] Id.
[13] Id.
[14] Id.

CLASS ACTION COMPLAINT, Page **6** of 14

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

- 7:29 PM from 740-240-6733

25. None of the aforementioned calls were answered.

26. Based on an investigation conducted by Plaintiff's attorneys, when 740-240-6733 and 740-521-4254 are called, a live employee identifies the company as Assurance.

27. All of the calls that Plaintiff received from Defendant displayed CarInsurance.net as the caller ID:



28. On December 26, 2022, Plaintiff received two more unsolicited calls at 1:50 PM from 740-240-6733 and 4:52 PM from 740-521-4254. These calls were not answered.

29. On December 26, 2022, at 7:52 PM, Plaintiff received yet another unsolicited call from Defendant, from phone number 740-240-6733. Plaintiff answered this call and heard a pre-recorded voice message identifying the company as CarInsurance.net. The call was soliciting the sale of automotive insurance.

30. On December 27, 2022, at 10:02 AM, Plaintiff received another unsolicited call

CLASS ACTION COMPLAINT, Page **7** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

from Defendant, from 740-240-6733. This call was not answered but a pre-recorded voice message was left identifying the company name CarInsurance.net soliciting the sale of automotive insurance.

31. Plaintiff received a 2nd unsolicited call on December 27, 2022, at 4:15 PM from Defendant, from phone number 740-521-4254. This call was not answered.

32. On December 28, 2022, at 10:02 AM, Plaintiff received an unsolicited call from Defendant, from 740-240-6733. This call was not answered but a pre-recorded voice message was left identifying the company name CarInsurance.net soliciting the sale of automotive insurance.

33. Later on December 28, 2022, Plaintiff received two more unsolicited calls at 3:04 PM from 740-521-4254 and 8:04 PM from 740-240-6733. These calls were not answered.

34. On December 30, 2022, at 10:02 AM, Plaintiff received an unsolicited call from Defendant, from 740-240-6733. This call was not answered but a pre-recorded voice message was left stating:

> "Hi, I'm calling from CarInsurance.net and we're reaching out because we've analyzed your situation and may be able to save you a significant amount of money. When you have a moment, give us a call back and we can connect you to one of our licensed agents. Call us back at 833-965-2995."

35. Plaintiff Blair has never done business with Assurance or its parent company Prudential.

36. Plaintiff Blair was not looking to get an insurance quote for automotive insurance.

37. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Blair in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

38. Seeking redress for these injuries, Plaintiff Blair, on behalf of himself and Classes

CLASS ACTION COMPLAINT, Page **8** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39. Plaintiff Blair brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Assurance called on their cellular or residential landline telephone number (2) using an artificial or pre-recorded voice (3) soliciting automotive insurance quotes on behalf of CarInsurance.net.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants called soliciting automotive insurance quotes on behalf of CarInsurance.net more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) soliciting automotive insurance quotes on behalf of CarInsurance.net.

40. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Blair anticipates the need to amend the Class definition following appropriate discovery.

41. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

42. **Commonality and Predominance**: There are many questions of law and fact

CLASS ACTION COMPLAINT, Page **9** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Assurance or its agents placed pre-recorded voice message calls to Plaintiff Blair and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether the calls constitute a violation of the TCPA;

(e) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(f) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. **Adequate Representation**: Plaintiff Blair will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Blair has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Blair and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Blair nor his counsel have any interest adverse to the Classes.

44. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a

**CLASS ACTION COMPLAINT,** Page **10** of **14**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Blair. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF

**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Blair and the Pre-recorded No Consent Class)**

45.  Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46.  Defendant Assurance and/or its agents transmitted unwanted telephone calls to Plaintiff Blair and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message on behalf of CarInsurance.net.

47.  These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Blair and the other members of the Pre-recorded No Consent Class.

48.  The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Blair and the other members of the Pre-recorded No

CLASS ACTION COMPLAINT, Page 11 of 14

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CAUSE OF ACTION

**Telephone Consumer Protection Act
(Violations of 47 U.S.C. § 227)
(On Behalf of Plaintiff Blair and the Do Not Call Registry Class)**

49.     Plaintiff repeats and realleges paragraphs 1 through 44 of this Complaint and incorporates them by reference herein.

50.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

52.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Blair and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Blair and the Do Not Call Registry Class received more than one telephone call in a 12-month period made Defendant on behalf of CarInsurance.net in violation of 47 C.F.R. § 64.1200, as described above.

**CLASS ACTION COMPLAINT,** Page **12** of **14**

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

54. As a result of Defendant's conduct as alleged herein, Plaintiff Blair and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

55. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Blair requests a jury trial.

DATED this 3rd day of January, 2023.

**DOUGLAS LEE BLAIR**, individually and on behalf of all others similarly situated,

By: /s/ *Eric R. Draluck*
WSBA # 19881
271 Winslow Way E., #11647
Bainbridge Island, WA 98110
Telephone 206-605-1424

CLASS ACTION COMPLAINT, Page 13 of 14

Eric R. Draluck
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424

Email: eric@dralucklaw.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

**CLASS ACTION COMPLAINT,** Page **14** of **14**

**Eric R. Draluck**
WSBA #19881
271 Winslow Way E., Ste. 11647
Bainbridge Island, WA 98110
206-605-1424